# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2017, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James C. Spencer
Dattilo Law Office
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dale A. Wells,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 8, 2017

Court of Appeals Case No.
39A01-1705-CR-1119

Appeal from the Jefferson Superior Court.
The Honorable Michael J. Hensley, Judge.
Trial Court Cause No.
39D01-1612-F6-1134

**Shepard, Senior Judge**

[1] Appellant Dale Wells contends the trial court wrongly determined that he refused a certified breath test. Concluding that Wells has not demonstrated that the evidence leads to just one conclusion that is opposite of the trial court's decision, we affirm.

# Facts and Procedural History

[2] On December 21, 2016 at about 1 a.m., Indiana State Police Trooper Garrett observed a truck fail to stop at a stop sign. Trooper Garrett stopped the truck and noticed that the driver, identified as Wells, had glossy eyes and smelled of mouthwash. Garrett had Wells perform field sobriety tests, which he failed. Wells took a portable breath test and then agreed to take a certified breath test. Wells was taken to the jail for the certified breath test, but when it came time for him to provide a breath sample within the allotted time, he failed to do so. Trooper Garrett considered Wells' failure to provide a breath sample as a refusal to submit to the chemical test.

[3] Wells subsequently filed a request to determine the validity of his refusal. Following the hearing, the trial court determined that Wells' actions constituted a refusal to submit to the test. Wells now appeals this decision.

# Discussion and Decision

[4] Because the trial court denied Wells' petition, he appeals from a negative judgment. *See G.G.B.W. v. S.W.*, 80 N.E.3d 264 (Ind. Ct. App. 2017). In such circumstances, we will reverse the judgment only if it is contrary to law—that is, where the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.* In conducting our review, we consider the evidence in the light most favorable to the appellee. *Id.*

[5] By operating a vehicle in Indiana, drivers impliedly consent to submit to a chemical test. Ind. Code § 9-30-6-1 (1991). If a police officer has probable

cause to believe a driver is operating a vehicle while intoxicated, the officer must offer the driver a chemical test. Ind. Code § 9-30-6-2 (1994). Refusal to submit to the chemical test results in the suspension of driving privileges. Ind. Code § 9-30-6-9 (2015). A person whose driving privileges have been suspended in this manner may request a hearing to determine whether he or she did in fact refuse the chemical test. Ind. Code § 9-30-6-10 (2005). The person requesting the hearing has the burden of proof by a preponderance of the evidence, and the court's order on the issue is a final, appealable judgment. *Id.*

[6]     Here, the trial court held a hearing on Wells' petition filed pursuant to Section 9-30-6-10. The evidence at the hearing showed that Wells initially agreed to take a chemical test. When Trooper Garrett and Wells arrived at the jail, Trooper Garrett began preparing the machine for the test. When the machine's display screen instructs "Please blow," the person has three minutes to perform. Trooper Garrett testified that he explained the time limit to Wells and that if he did not take the test it would be a refusal. Yet, when the time period began, Wells questioned him and argued with him even though he was directed at least three times to blow into the machine during the three-minute period. Trooper Garrett described the conversation:

> Because he asked me what he tested on the side of the road, and I told him. I said .169. When I told him that, he said, "Well, I already took your test." I tried to explain to him, no, that's a preliminary breath test that — you know, this is a certified test. He said, well, he wanted to talk to his lawyer. I explained to him that under Indiana Implied Consent, when you get a driver's license, you imply that you give consent to take a certified test

and that's not an option. At that point he became even more argumentative saying I was violating his rights to an attorney, and the three-minute time lapse was over . . . .

Tr. p. 10. Wells' counsel asked Garrett if he made any effort to reset the machine and allow Wells another chance to take the test. The Trooper responded that, under the approved method of conducting the test, if Wells had made any effort to take the test, even if he provided an insufficient sample, the timer would have started over and he would have had a second chance. However, "if [the person is] being uncooperative and argumentative with [the officer] about the lawyer and 'I've already taken my test,' and doesn't complete the test within those three minutes, then I tally it up as a refusal based off his actions not his words." *Id.* at 11.

[7] Wells, on the other hand, testified that he and Trooper Garrett maintained "idle chit-chat" for the duration of the three-minute testing period. *Id.* at 28. He testified that he did not ask about rights and calling an attorney until after the time period ended and the Trooper indicated it was a refusal.

[8] A refusal to submit to a chemical test occurs when the conduct of the driver is such that a reasonable person in the officer's position would be justified in believing the driver was capable of refusal and manifested an unwillingness to submit to the test. *Burnell v. State*, 56 N.E.3d 1146 (Ind. 2016). The *Burnell* court explained, "[E]ven without saying 'no' or 'I refuse' a refusal nonetheless may be established on the basis of conduct alone if the motorist has clearly been asked to take a test. In short a physical failure to cooperate can amount to a refusal." *Id.* at 1150.

[9] As Justice Slaughter recently wrote for a unanimous court, "The [Breath Test] Rule does not require an officer to administer a second test to a subject who obviously is not cooperating in providing one or more measurable, recordable breath samples. Officers must—and do—have discretion under the Rule to make the judgment call that the subject is being uncooperative and thus has refused the test. An officer needn't go through the motions to administer a test to an obviously uncooperative subject. Common sense doesn't require it, and neither does the Rule." *Hurley v. State*, 75 N.E.3d 1074, 1080 (Ind. 2017).

[10] The record here shows that, although first agreeing to take the test, Wells refused to follow the officer's instructions, talked through the three-minute time period, insisted that he had already taken the test, claimed his rights had been violated, and was generally uncooperative, justifying a reasonable person in the officer's position to believe that he manifested an unwillingness to submit to the test. Wells has failed to carry his burden of demonstrating the evidence leads to but one conclusion and the trial court reached an opposite conclusion.

[11] Affirmed.

Riley, J., and Bradford, J., concur.